FRANK COOK v. THE STATE.

· o. 2797.   Decided October 14, 1903.

**1.—Local Option—Insufficiency of Evidence.**

See opinion for evidence stated which is held insufficient to support a conviction for violating the local option law, or to authorize a charge on the doctrine of principals.

**2.—Evidence—Hearsay.**

A conversation between the prosecuting witness and another person, in the absence of defendant, is hearsay.

Appeal from the County Court of Cherokee.   Trial below before Hon. Jas. P. Gibson, County Judge.

Appeal from a conviction of violating the local option law; penalty, a fine of $50 and twenty days confinement in the county jail.

The opinion states the case. .

*Shook & Robinson,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the

local option law, and his punishment assessed at a fine of $50 and twenty days' imprisonment in the county jail, hence this appeal. The evidence both for the State and appellant was simply to the effect that on the occasion in question the prosecutor got a dollar from one Summers, representing that he could secure whisky from Frank Cook, appellant. Prosecutor gave Cook a dollar and requested him to get him some whisky. Cook told him he thought he could get it for him, and proceeded to another part of the town, and subsequently came back with two pints of whisky, one of which Summers took and prosecutor retained the other. Appellant testified that he got the liquor in question from one Bill Johnson, and that he did so simply as an act of accommodation to prosecutor. This was not gainsaid by any testimony we find in the record. On this statement of facts the court charged the doctrine of principals. Appellant objected to this, and asked a charge contravening the same, authorizing the jury to acquit appellant because there was no proof that he was the seller of the whisky or interested in the sale. We do not believe the court was authorized to give the charge it did, and the requested charge should have been given. That is, in our view we do not believe the testimony is sufficient to have warranted the conviction.

Appellant also objected to the introduction of certain testimony consisting of conversations between Summers and prosecutor in the absence of appellant, his contention being that the same was purely hearsay. We agree with this contention and do not believe that said testimony should have been admitted. It is not necessary to discuss other matters. For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*